IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Autumn Thillen, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   3:18-cv-1022 |
| Professional Recovery Personnel, Inc., a Minnesota corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

Plaintiff, Autumn Thillen, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant reside here.

### PARTIES

3. Plaintiff, Autumn Thillen ("Thillen"), is a citizen of the State of Wisconsin, residing in the Western District of Wisconsin, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed for a defaulted consumer debt.

4. Defendant, Professional Recovery Personnel, Inc. ("PRP"), is Minnesota

that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant PRP operates a defaulted debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Wisconsin. In fact, Defendant PRP was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Although Defendant PRP is not authorized to conduct business in Wisconsin, it conducts business in Wisconsin by sending Wisconsin consumers collection letters.

## FACTUAL ALLEGATIONS

6. Defendant PRP sent Ms. Thillen an initial form collection letter, dated December 13, 2017, demanding payment of a defaulted consumer debt. This letter stated, in pertinent part:

\* \* \*

> This debt will be assumed to be valid by the collector unless the consumer, within thirty-days after receipt of this notice, disputes the validity of the debt, or any portion thereof. If the consumer notifies collector within the thirty-day period that the debt, or any portion thereof, is disputed, collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by collector. Upon the consumer's request within the thirty-day period, collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

\* \* \*

Nowhere in Defendant's letter did they advise Ms. Thillen that disputes had to be in writing, to be effective, and so that she could require Defendant PRP to provide validation of the debt. Moreover, nowhere in Defendant PRP's letter did it advise Ms.

2

Thillen that disputes had to be in writing, to be effective, so that she could require Defendant to advise her as to the name of the creditor to whom the debt is owed. A copy of this letter is attached as Exhibit A.

7. Violations of the FDCPA which could lead a consumer to alter his or her course of action as to whether to pay or whether to dispute a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Whether disputing a debt could be done orally, by simply picking up the phone, or whether a consumer needs to make a written dispute, is material information that would play a role in a consumer's decision of whether to dispute a debt. Moreover, disclosure of the information is mandatorily required by the plain language of the FDCPA and is therefore material, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317, 324 (7th Cir. 2016).

8. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

9. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692g
### Ineffective Validation Notice

10. Plaintiff adopts and realleges ¶¶ 1-9.

11. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, they had to provide the consumer with an effective validation notice, containing, among other disclosures, "(4) a statement that if the

consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt" see, 15 U.S.C. § 1692g(a)(4); "(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor if different from the current creditor" see, 15 U.S.C. § 1692g(a)(5).

12. Nowhere in Defendant PRP's December 13, 2017 initial collection letter to Plaintiff (Exhibit A) does it state that Plaintiff's dispute to Defendant PRP had to be in writing to protect her right to obtain validation of the debt, or to demand the name of the original creditor, thus, Defendant PRP has violated § 1692g(a)(4) and (5) of the FDCPA, see, Bishop v. Ross Earle & Bonan, 817 F.3d 1268, 1274 (11th Cir. 2016); Clark v. Absolute Collection Serv., 741 F.3d 487, 491 (4th Cir. 2014); Hooks v. Forman, Holt, Eliades & Ravin, 717 F.3d 282, 286, (2d Cir. 2013); and Camacho v. Bridgeport Financial, 430 F.3d 1078, 1082 (9th Cir. 2005).

13. Defendant PRP's violations of § 1692g of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

14. Plaintiff adopts and realleges ¶¶ 1-9.

15. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

16. Defendant PRP, by failing to advise Plaintiff that her dispute must be in

4

writing to protect her right to obtain validation of the debt, and to obtain the name of the original creditor, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

17. Defendant PRP's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

18. Plaintiff, Autumn Thillen, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Wisconsin from whom Defendant PRP attempted to collect a defaulted consumer debt, via the same form collection letter (Exhibit A), that Defendant PRP sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant PRP's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

19. Defendant PRP regularly engages in debt collection, using the same form collection letter they sent Plaintiff Thillen, in its attempts to collect defaulted consumer debts from other persons.

20. The Class consists of more than 35 persons from whom Defendant PRP attempted to collect defaulted consumer debts, by sending other consumers the same form collection letter they sent Plaintiff Thillen.

21. Plaintiff Thillen's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought

on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22.	The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant PRP has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

23.	Plaintiff Thillen will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant PRP's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Thillen has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Autumn Thillen, individually and on behalf of all others similarly situated, prays that this Court:

1.	Certify this action as a class action;

2.	Appoint Plaintiff Thillen as Class Representative of the Class, and her attorneys as Class Counsel;

3.	Find that Defendant PRP's form collection letter violated the FDCPA;

4.	Enter judgment in favor of Plaintiff Thillen and the Class, and against Defendant PRP, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.	Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Autumn Thillen, individually and on behalf of all others similarly situated, demands trial by jury.

                                                        Autumn Thillen, individually and on
                                                        behalf of all others similarly situated,

                                                        By:/s/ David J. Philipps_____
                                                        One of Plaintiff's Attorneys

Dated: December 10, 2018

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

Matthew C. Lein
Lein Law Offices
P.O. Box 761
15692 Highway 63 North
Hayward, Wisconsin 54843
(715) 634-4273
(715) 634-5051 (FAX)
mlein@leinlawoffices.com

7